IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00435-LTB
(Removal from Colorado Court of Appeals,
Case No. 2011CA736)

THE PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

JAMES W. HALL,

    Defendant.

---

ORDER FOR SUMMARY REMAND

---

Defendant, James W. Hall, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hall has filed **pro se** a Notice of Removal stating that he is removing to this Court case number 2011CA736 from the Colorado Court of Appeals. The Court must construe the Notice of Removal liberally because Mr. Hall is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Mr. Hall fails to provide "a short and plain statement of the grounds for removal" as required pursuant to 28 U.S.C. § 1446(a). However, it appears that Mr. Hall, in the state court proceeding, is challenging the validity of a state court criminal conviction on the grounds that the state court lacked jurisdiction because he was not charged by

indictment in the criminal case. Mr. Hall maintains that the lack of an indictment violates his rights under the Fifth Amendment to the United States Constitution and renders any state court judgment void and unenforceable.

Even construing the Notice of Removal liberally, the Court is unable to ascertain any legitimate basis for removal of this action from the Colorado Court of Appeals. Although 28 U.S.C. § 1443 authorizes the removal to federal court of certain civil rights cases, the Court finds that the instant action may not be removed pursuant to § 1443.

The two requirements for removal under § 1443(1) are narrow and well-defined. **See Davis v. Glanton**, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" **Johnson v. Mississippi**, 421 U.S. 213, 219 (1975) (quoting **Georgia v. Rachel**, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." **Colorado v. Lopez**, 919 F.2d 131, 132 (10th Cir. 1990) (quoting **Johnson**, 421 U.S. at 219). Mr. Hall does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" **Johnson**, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations

> where it can be clearly predicted by reason of the operation
> of a pervasive and explicit state or federal law that those
> rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.

***City of Greenwood, Miss., v. Peacock***, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. **See generally** 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Hall does not provide the Court with specific factual allegations regarding any inability to enforce his constitutional rights in the state court proceeding. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." ***City of Greenwood***, 384 U.S. at 824. Mr. Hall does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that Case No. 2011CA736 is remanded summarily to the Colorado Court of Appeals. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the Colorado Court of Appeals.

DATED at Denver, Colorado, this  25th  day of    October    , 2011.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court